UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA CHILDS ET AL.                                         CIVIL ACTION

VERSUS                                                       NO. 08-4509

LEXINGTON INSURANCE COMPANY                                  SECTION "L" (2)


**ORDER ON MOTION**

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to Defendant's Motion for Sanctions, Record Doc. No. 12, set for hearing on July 1, 2009 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit in part,

IT IS ORDERED that the motion is GRANTED IN PART AND DENIED IN PART, as follows. Plaintiffs failed to comply with this court's previous order, entered on May 27, 2009, to provide their initial disclosures within ten (10) days of entry of that order and to pay defendant $450 in attorney's fees for their failure to comply with their

disclosure obligations and with the court's scheduling order entered on March 17, 2009. Record Doc. No. 11.  The instant motion is therefore granted in part, as follows.

IT IS ORDERED that the previously imposed sanction of $450 is increased to $750 and that plaintiffs must pay to defendant $750 in attorney's fees for their failure to respond to the court's prior order.  Fed. R. Civ. P. 37(b)(2)(A).

The motion is denied to the extent that it requests the harsh sanction of dismissal of this action.  The discovery deadline is still more than nine weeks away, and trial of this matter is not scheduled until October 19, 2009.  The draconian sanction of dismissal is reserved exclusively for contumacious and continuing discovery misconduct.  Doe v. American Airlines, 283 Fed. Appx. 289, 2008 WL 2570789, at *2 (5th Cir. 2008), cert. denied, 129 S. Ct. 1003 (2009); Davis v. Auto Club Family Ins. Co., No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing Federal Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994); Equal Employment Opportunity Comm'n v. General Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993); Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)).  While plaintiffs' conduct in failing to provide initial disclosures has been dilatory, I cannot find that contumacious conduct warranting harsher sanctions is justified at this time.  Accordingly, dismissal or other discovery sanctions are not yet appropriate.

However, a sanction less severe than dismissal of the type enumerated in Fed. R. Civ. P. 37(b)(2)(A) is warranted under these circumstances, in which plaintiffs have failed to provide disclosures, even in the face of this court's order.  Fed. R. Civ. P. 37(c)(1) provides that, if "a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."  Fed. R. Civ. P. 37(c)(1)(C) also permits the court to impose any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A). Accordingly,

IT IS FURTHER ORDERED that, with the exception of any materials that plaintiffs may already have provided to defendant through informal means, plaintiffs are hereby precluded from using as evidence to support their claims or defenses the following items that they should have disclosed pursuant to Fed. R. Civ. P. 26(a)(1)(A): (1) the testimony of any individuals, other than plaintiffs themselves, likely to have discoverable information that plaintiffs may use to support their claims or defenses; (2) any documents, electronically stored information, and tangible things that plaintiffs have in their possession, custody, or control and may use to support their claims or defenses; (3) any computation of each category of damages claimed by them, including the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the

nature and extent of injuries suffered; and (4) any insurance agreement under which an

insurance business may be liable to satisfy all or part of a possible judgment in the action

or to indemnify or reimburse for payments made to satisfy the judgment.

New Orleans, Louisiana, this ___1st___ day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE